UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WAYMAN D. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00032-TWP-DML |
| | ) | |
| KEVIN SUTTLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Wayman D. Thomas, Jr., an inmate at Tippecanoe County Jail in Lafayette, Indiana, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights while he was an inmate at the Jackson County Jail in Brownstown, Indiana. The defendants have moved for summary judgment. Mr. Thomas has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendants are entitled to summary judgment on all of Mr. Thomas's claims.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the

materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not

required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II.
## Factual Background

The consequence of Mr. Thomas's failure to respond to the motion for summary judgment is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Some of the alleged incident was captured on video. The defendants have provided the available video to the Court, and the Court has reviewed it. As the nonmoving party, Mr. Thomas is entitled to all reasonable inferences in his favor drawn from the admissible evidence and otherwise undisputed facts. *See Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). However, the Court must also "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007).

While being booked into the Jackson County Jail on May 9, 2017, Mr. Thomas acted aggressively and erratically and refused to answer the questions asked of him by jail staff as a part of the book-in process. Dkt. 50-2. He was placed into a padded cell near the booking area and continued to act in an aggressive manner by yelling and kicking the cell door which was partially unpadded. Sgt. Clark repeatedly ordered him to stop yelling and kicking because he was interfering with the jail's operations and was at risk of injuring himself. Mr. Thomas briefly stopped kicking the door but continued to yell. Sgt. Clark ordered Mr. Thomas to lie down on the floor so he could be placed in the restraint device. Mr. Thomas did not comply and instead removed the top portion of his jumpsuit. Sgt. Ridlen, Sgt. Everhart, Sgt. Clark, Sgt. Drees and Jail Nurse Rutan then entered the cell to place him in a restraint device by subduing Mr. Thomas and securing his arms and legs. They then lifted Mr. Thomas off the ground and lowered him back down onto the lower portion of the restraint device, turned him over to secure the upper portion of the restraint device, and sat Mr. Thomas against a wall before leaving the cell.

Approximately forty-six minutes later, Sgt. Clark and Sgt. Ridlen entered the cell and moved Mr. Thomas's arms from the back of his body to the front. Approximately one hour and twenty-four minutes later, Sgt. Clark and Nurse Rutan entered the cell and removed the restraint device. Mr. Thomas told Sgt. Clark that his wrist had been injured in a fight with another inmate in another jail the week prior. When Sgt. Clark asked about what looked like a sunburn on Mr. Thomas's chest, Mr. Thomas responded that he had been burned by Mexican criminals when he refused to steal cars for them. Sgt. Clark then gave Mr. Thomas food and a drink.

On May 15, 2016, Mr. Thomas was moved from the cell in the jail holding area to a general population pod where he had access to a shower. He was also provided with food and drink every day of his incarceration at the Jackson County Jail.

## III.
## Discussion

The defendants recognize that Mr. Thomas was a pretrial detainee at the time of the incident. Therefore, the claim of whether they subjected Mr. Thomas to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015).

The defendants move for summary judgment arguing that they did not use excessive force against Mr. Thomas. The evidence shows that the only force used against Mr. Thomas occurred in the padded cell on video. The defendants Charles Murphy and Kevin Settle were not present during the use of force in the padded cell. The defendants who were present used appropriate force to restrain Mr. Thomas for the legitimate purpose of preventing him from disrupting the book-in area of the jail. The force was not excessive and was not carried out in a malicious or sadistic manner. There is no evidence that Mr. Thomas was injured in any way. Any injuries he had on May 9, 2017, he attributed to prior altercations with other civilians.

Mr. Thomas has failed to rebut the defendants' evidence. Because there is no evidence that any of the defendants beat or otherwise injured Mr. Thomas on May 9, 2017, these defendants are entitled to summary judgment on Mr. Thomas's claims that they exercised excessive force against him.

The defendants have also presented evidence that Mr. Thomas was not denied food or drink while he was housed in the Jackson County Jail. Dkt. 50-1. He had access to shower facilities after being moved from the padded cell approximately one week after he was booked into the jail. Dkt. 50-1. He has not rebutted this evidence. The video evidence demonstrates that he was given

a sandwich, soup, and a drink shortly after he was removed from the restraint device on May 9, 2017. From then on, he had regular access to food and drink. Such provisions are constitutionally sufficient. Weekly access to showers is also constitutionally sufficient. *See Henderson v. Lane*, 979 F.2d 466, 469 (7th Cir. 1992). The defendants are therefore entitled to summary judgment on the conditions of confinement claims.

Finally, the defendants argue that because Mr. Thomas was not injured by the use of force, he had no serious medical condition requiring medical treatment. Furthermore, the video evidence shows that the jail nurse was present as Mr. Thomas was removed from the restraint device. A few moments later, when an officer returned to the padded cell to bring Mr. Thomas food and a drink, Mr. Thomas asked to talk to the nurse and the officer bringing him food stated that the jail nurse would be in to evaluate him after Mr. Thomas finished eating. Mr. Thomas has not rebutted evidence that he did not have a serious medical condition and that he was seen by the jail nurse. Furthermore, courts "will not find a jail official to have acted with deliberate indifference if []he reasonably relied on the judgment of medical personnel." *Miranda v. County of Lake*, 900 F.3d 335, 351 (7th Cir. 2018) (citations omitted). It is clear from the video evidence that the jail nurse was present when Mr. Thomas was removed from the restraint device and that correctional staff were deferring to the nurse's professional evaluation of Mr. Thomas. The defendants are therefore entitled to summary judgment on the deliberate indifference claims.

## IV.
## Conclusion

For the reasons stated in this Order, the defendant's motion for summary judgment, dkt. [48] is **granted**. Final judgment consistent with this Order and the screening Entry, dkt. 22, shall now issue.

**IT IS SO ORDERED**.

Date: 7/5/2019

_Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WAYMAN D. THOMAS, JR.
TIPPECANOE COUNTY JAIL
2640 Duncan Road
Lafayette, IN 47902

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com